UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00928-GNS

AMAL SHAIBI; and
MOHAMMED ALANANI                                                             PLAINTIFFS

v.

LOUISVILLE & INDIANA RAILROAD COMPANY                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Transfer (DN 4). The motion is ripe for adjudication. For the reasons that follow, Defendant's motion is **DENIED**.

### I.   BACKGROUND

Plaintiffs Amal Shaibi and Mohammed Alanani (collectively "Plaintiffs") brought this action against Defendant Louisville & Indiana Railroad Company ("Defendant") in Jefferson Circuit Court in Kentucky. (Compl. 2, DN 1-2). Plaintiffs assert claims against Defendant for injuries allegedly stemming from a train crash occurring in Clark County, Indiana, when (). a vehicle driven by one plaintiff, in which the other plaintiff was a passenger, stopped at a rail crossing in Sellersburg, Indiana. (Compl. ¶¶ 3-21; Def.'s Mot. Transfer 1, DN 4). Defendant's locomotive collided with the vehicle, killing one passenger and injuring Plaintiffs. (Def.'s Mot. Transfer 1).

Defendant removed this action to this Court and has since moved to transfer venue to the Southern District of Indiana, New Albany Division, which Plaintiffs oppose. (Def.'s Mot. Transfer 1; Pls.' Resp. Def.'s Mot. Transfer, DN 7).

1

## II.     JURISDICTION

Jurisdiction is based on diversity. Plaintiffs are residents of Kentucky and Defendant is registered with its principal place of business in Indiana, and the amount in controversy appears to be greater than $75,000. 28 U.S.C. § 1332(a)(1); (Compl. ¶¶ 1-2; Notice Removal ¶¶ 9-12).

## III.     DISCUSSION

Defendant requests a transfer of venue to the Southern District of Indiana's New Albany Division pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). (Def.'s Mot. Transfer 1).

### A.     28 U.S.C. § 1406(a)

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Defendant explicitly cites § 1406(a) as a basis for transfer. (Def.'s Mot. Transfer 1-3). Plaintiffs respond that the Western District of Kentucky and its Louisville Division are not the "wrong division or district" for venue purposes. (Pls.' Resp. Def.'s Mot. Transfer 1-6). Defendant replies that it relies instead on Section 1404(a) as a basis for transfer, suggesting abandonment of its initial citation to Section 1406(a) as the basis for the present motion and characterizing Plaintiffs' arguments regarding Section 1406(a) as irrelevant. (Def.'s Reply Mot. Transfer 2-3, DN 9; Pls.' Resp. Def.'s Mot. Transfer 2-6); *see Figueroa v. U.S. Postal Serv.*, 422 F. Supp. 2d 866, 879 (N.D. Ohio 2006) (failure to respond to arguments can be construed as a concession) (citations omitted).

In any event, "Section 1406(a) . . . applies only in actions in which the venue is improper in the transferor court (by virtue of its being either the wrong district or the wrong division) or the transferor court lacks personal jurisdiction over the defendant." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3732 (rev. 4th ed. Aug. 2019 update). Venue

in this Court, the putative transferor court, is not improper because this is the only court to which Defendant could have exercised its right of removal. "Venue in removed cases is governed solely by § 1441(a)." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 534 (6th Cir. 2002) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *Lee v. Chesapeake & O. Ry. Co.*, 260 U.S. 653, 657 (1923)). As Wright and Miller explain:

> Section 1441(a) . . . provides that the venue of a removed case is 'the district and division embracing the place where such action is pending.' Accordingly the general venue statutes, Section 1391 through Section 1393, do not apply to cases that have been initiated in a state court and removed to federal court . . . . It therefore is immaterial that the federal court to which the action is removed would not have been a proper venue if the action originally had been brought there.
>
> This principle is well illustrated by Polizzi v. Cowles Magazines, Incorporation. In that case Polizzi, a resident of Florida, filed a libel action in the Circuit Court of Dade County, Florida, against the defendant publisher, an Iowa corporation. . . . The defendant removed the case to the United States District Court for the Southern District of Florida. The federal court dismissed the action on the ground that the defendant was not "doing business" in Florida, which was the venue standard at the time, and therefore that the venue requirements were not met. The Fifth Circuit affirmed.
>
> The United States Supreme Court reversed and remanded the case to the district court. Writing for the Court, Justice Minton explained that the crucial point on the venue question was that:
>
>> Section 1391(a) limits the district in which an action may be "brought." Section 1391(c) similarly limits the district in which a corporation may be "sued." This action was not "brought" in the District Court, nor was Respondent "sued" there; the action was *brought* in a state court and *removed* to the District Court. Section 1441(a) expressly provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." The Southern District of Florida is the district embracing Dade County, the place where this action was pending.

14C Wright & Miller, *supra*, § 3732 (emphasis in original) (quoting *Polizzi*, 345 U.S. at 665-66). In sum, it cannot be the case that this Court is the "wrong district or division" because application

3

of Section 1441(a) regards this Court as the only proper venue for this case removed from Jefferson Circuit Court.

Whether venue was originally proper in Jefferson Circuit Court matters not: "Venue may be proper in the federal court even if it was not proper in the state court in which the action originally was brought. . . . Once removed, the propriety of the venue is governed by Section 1441(a), and it simply is immaterial whether venue was proper in the state court in which the action was filed; the state venue statutes no longer apply." *Id.* (citations omitted). Defendant aptly notes that the issue of whether "a Kentucky court was a proper place of original venue . . . is not before the Court on this motion to transfer to the Southern District of Indiana."[1] (Def.'s Reply Mot. Transfer 3).

Regardless, because this case was removed to this Court from a state court within this District, venue is proper here under Section 1441(a).

**B.     28 U.S.C. § 1404(a)**

Defendant seeks a change of venue to the U.S. District Court for the Southern District of Indiana's New Albany Division. (Def.'s Reply Mot. Transfer 2). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The dispute

---

[1] Defendant does not challenge the existence of personal jurisdiction over it in Kentucky. (Pls.' Resp. Def.'s Mot. Transfer 2-6; Def.'s Reply Pls.' Resp. Def.'s Mot. Transfer 2).

between the parties, therefore, lies in whether this case *should* be transferred across the Ohio River from Louisville to New Albany.²

The parties equate transfer under Section 1404(a) with the standard for transfer under the common law doctrine of forum non conveniens. (Def.'s Mot. Transfer 2; Pls.' Resp. Def.'s Mot. Transfer 6). This Court has previously noted, however, "the Supreme Court made clear that [Section] 1404(a) was more than a codification of the then-existing forum non conveniens jurisprudence, and that transfers are to be granted more freely than were dismissals at common law." *Estate of Faye v. Mathis*, No. 3:09-CV-157-S, 2010 WL 569663, at *1 (W.D. Ky. Feb. 12, 2010) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 30-32 (1955)). Although "[i]t is . . . still acknowledged that a plaintiff's choice of forum is entitled to some weight when considering a motion to transfer under § 1404(a)[,] that presumption is just not quite as strong as in the forum non conveniens setting." *Id*. (citation omitted) That being said, "[w]ithout a doubt, a defendant seeking transfer under Section 1404(a) has the burden of establishing why the court should override whatever weight the court believes should be given to the plaintiff's venue preference." 15 Wright & Miller, *supra*, § 3848 (citations omitted). "A defendant moving for transfer must show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a transfer." *Id*. § 3849 (citations omitted).

"Under 28 U.S.C. § 1404(a), a district court 'has broad discretion to grant or deny a motion to transfer [a] case.'" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (alteration in original) (quoting *Coté v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized,

---

² According to Google Maps, the courthouses for the Louisville Division and the New Albany Division are 5.7 miles apart.

5

case-by-case consideration of convenience and fairness.' A motion to transfer under [Section] 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal citation omitted). Such factors include:[3]

> (1) convenience of the parties and the witnesses, (2) accessibility of sources of proof, (3) the costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, and (5) the interests of justice. Other factors include (1) the relative congestion in the courts of the two forums, (2) the public's interest in having local controversies adjudicated locally, (3) the relative familiarity of the two courts with the applicable law, (4) the plaintiff's original choice of forum, and (5) whether the parties have agreed to a forum selection clause.

*Ky. Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 406 F. Supp. 2d 751, 755 (E.D. Ky. 2005) (quoting *Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 816 (W.D. Mich. 2002)). "[T]ransfer will be refused if the effect of a change of venue would be merely to shift the inconvenience from one party to the other." 15 Wright & Miller, *supra*, § 3849 (citations omitted).

### 1.  *Plaintiffs' Choice of Forum, Forum Selection Clause*

As already noted, Plaintiffs brought suit in Kentucky, and that decision is to be accorded at least some weight in favor of retention versus transfer. Because there is a tort case, the parties

---

[3] This Court has additionally identified factors by which to address a Section 1404(a) motion:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Gray v. Duval Cty. Pub. Sch.*, No. 3:13-CV-00902-TBR, 2014 WL 4716487, at *3 (W.D. Ky. Sept. 22, 2014) (quoting *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006)).

have not contractually agreed to the location to litigate this dispute. As a result, that factor is inapplicable.

### 2. *Convenience of Parties, Relative Means of Parties*

Regarding "the convenience of the parties[,]" Defendant is incorporated with its principal place of business in Jeffersonville, Indiana. (Compl. ¶ 3; Def.'s Mot. Transfer 2). Plaintiffs point out, however, that "the U.S. District Court for the Southern District of Indiana in New Albany, IN is roughly equidistant from Defendant's main office as the Western District of Kentucky." (Pls.' Resp. Def.'s Mot. Transfer 7). Plaintiffs also point out the close geographic proximity between the two courts, which are less than six miles apart. (Pls.' Resp. Def.'s Mot. Transfer 7). Moreover, Plaintiffs are residents of Kentucky: "In many cases, courts, in the course of refusing a transfer motion under Section 1404(a), have emphasized that the district originally chosen was the residence of the plaintiff . . . ." 15 Wright & Miller, *supra*, § 3849 (citations omitted). "Convenience" is considered neutral here because of the close geographical proximity of the two courthouses to each other and the parties.

Additionally, regarding the "means of parties" factor, the reasonable inference to be made here is that Defendant, a railroad company, presumably has more means than Plaintiffs to adjust to litigation inconveniences. The "means" factor therefore tilts toward retention of this case.[4]

---

[4] Although Plaintiffs point out that "both Plaintiff's and Defendant's counsel are located in Louisville, Kentucky[,]" "the convenience of counsel is not an appropriate consideration under a [Section] 1404 analysis [although] courts have held that transfer is not appropriate where it would effectively deprive a plaintiff of access to the courts." (Pls.' Resp. Def.'s Mot. Transfer 7); *McIntosh v. E-backgroundchecks.com, Inc.*, No. 5:12-310-DCR, 2013 WL 954281, at *5 (E.D. Ky. Mar. 11, 2013) (citations omitted). There being no indication that Plaintiffs would be deprived of access to the courts if this case was to be transferred to the Southern District of Indiana's New Albany Division, "the convenience of counsel is not an appropriate consideration . . . ."

### 3. *Convenience of Witnesses, Costs of Securing Testimony from Witnesses, Availability of Process to Compel Attendance of Unwilling Witnesses*

The most contentious dispute between the parties is whether the transfer favors "the convenience of witnesses[.]" While Plaintiffs concede some witnesses reside in Indiana, they assert that "since almost all of Plaintiff's medical treatments were received at University of Louisville and Jewish Hospital, it is anticipated that Plaintiff's expert witnesses on the issue of damages will be the treating physicians from those Kentucky hospitals." (Pls.' Resp. Def.'s Mot. Transfer 7). Although "[a] significant number of cases say that the convenience of expert witnesses need not be considered or should be given little weight on a transfer motion under . . . [Section] 1404(a)[,]" Wright & Miller characterize "[t]his view [a]s a bit cavalier and should not be considered universal." 15 Wright & Miller, *supra*, § 3852 (citations omitted).

Defendants, on the other hand, point to twelve liability witnesses who are believed to be residents of Indiana. (Def.'s Reply Mot. Transfer 5). Five of those individuals are eyewitnesses to the accident, three are Indiana police officers, one of them is an employee of a company that provided a surveillance video of the accident, and the last three are employees of Defendant. (Def.'s Reply Mot. Transfer 5). It appears that no witnesses would have to travel more than roughly thirty minutes to the federal district courthouse in Louisville, most of them commuting twenty minutes or less. Compared to the distance of these witnesses' residences to the federal district courthouse in New Albany, transfer there would save only minutes, not counting Louisville traffic. This negligible difference in travel time, however, coupled with the fact that Plaintiffs' witnesses will be coming from Louisville, results in the "convenience of witnesses" remaining neutral. *See Mohamed v. Mazda Motor Co.*, 90 F. Supp. 2d 757, 774-75 (E.D. Tex. 2000) ("Typically, the most important [factor in a venue transfer analysis] is whether *substantial*

inconvenience will be visited upon key fact witnesses should the court deny transfer." (emphasis added) (citations omitted)).

In that vein, "[m]any cases have held that Section 1404(a) should not be invoked for transfer if there is only a relatively short distance between the original forum and the proposed transferee, and that the distance can be traveled easily." 15 Wright & Miller, *supra*, § 3854 (citations omitted). For instance, the court in *Jenkins v. Wilson Freight Forwarding Co.*, 104 F. Supp. 422 (S.D.N.Y. 1952), refused to transfer a case from New York City to Newark, New Jersey, because Section 1404(a) "was designed and reserved for those instances where the transfer was sought to a District Court substantially distant from the district where the action had been instituted . . . ." *Id*. at 424-25. Like the inconvenience of traveling to New York City from Newark in *Jenkins*, the inconvenience of traveling to Louisville from New Albany is most certainly insubstantial.

The same rationale applies to the "costs of securing testimony from witnesses" and "availability of process to compel [witness] attendance" factors, as well. The limitations on a federal district court's ability to subpoena non-party witnesses are seemingly irrelevant in deciding between transfer and retention because of this Court and the New Albany Division Court's close proximity. *See generally McIntosh*, 2013 WL 954281, at *3 (citing Fed. R. Civ. P. 45). That proximity would additionally seem to negate any material cost reduction that transfer to the New Albany Division may have.

The application of all of these factors is to be considered neutral with respect to transfer.

### 4. *Accessibility of Sources of Proof, Location of Documents, Locus of Operative Facts*

As Defendant correctly notes, Plaintiffs admit that "all events . . . took place in Clark County, Indiana." (Compl. ¶ 3; Def.'s Mot. Transfer 1). Plaintiffs point out, however, that the

9

damaged vehicle and the "proof on medical and personal injury damages" are located in Louisville, Kentucky. (Pls.' Resp. Def.'s Mot. Transfer 8). Plaintiffs additionally state that the scene of the accident, Clark County, Indiana, actually borders Jefferson County, Kentucky, so if the jury were to need to visit the scene of the accident, the travel inconvenience from the federal district courthouse in Louisville compared to that of the New Albany would be negligible. (Pls.' Resp. Def.'s Mot. Transfer 8). Regardless, the issue of a jury visit to the scene of the accident is essentially immaterial:

> A factor that once was mentioned commonly by courts in ordering transfer to the district in which the claim arose is the possibility of obtaining a jury view of the place where the events giving rise to the lawsuit occurred. It seems unrealistic to regard this consideration as a matter of importance, other than in exceptional cases. . . . Courts should refuse to take into account the possibility of a jury view unless the moving party has shown how a view of the locality of the events could be helpful.

15 Wright & Miller, *supra*, § 3854 (citations omitted). In any event, the geographical proximity of the sources of proof, location of documents, and locus of operative facts to both courthouses renders these factors neutral with respect to transfer versus retention.

Defendant asserts that "the location of relevant records" includes "records relating to LIRC's railroad operations . . . and records pertaining to the accident and its investigation are located in Indiana . . . ." (Def.'s Reply Mot. Transfer 6). As Wright & Miller notes, however:

> Today, with digitization, many documents exist in electronic format, which can be sent over the Internet. . . . [R]ecognizing the impact of technology, . . . th[is] factor tends to be given relatively little weight. . . . Courts have recognized that the availability of copies of records is relevant to [the] transfer inquiry. . . . The moving party must establish the location of the documents in question, their importance to the resolution of the case, and the inability to move or copy them easily.

15 Wright & Miller, *supra*, § 3853 (citations omitted). Any relevant records could be easily moved or copied. As such, this factor is to be considered neutral with respect to transfer.

### 5. *Applicable Law*

Another contentious factor between the parties is the state law applicable to this action. As the Supreme Court has stated:

> [I]n [diversity] cases . . . where the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under [Section] 1404(a) generally should be, with respect to state law, but a change of courtrooms.

*Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). In other words, "the holding in Van Dusen [is] that the transferee in a diversity of citizenship case applies the choice-of-law rules that the transferor court would have applied . . . ." 15 Wright & Miller, *supra*, § 3846. "As a federal court exercising diversity jurisdiction, the choice-of-law rules of the forum state, Kentucky, determine what substantive law to apply." *State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 849 F.3d 328, 331 (6th Cir. 2017) (citing *NILAC Int'l Mktg. Grp. v. Ameritech Servs., Inc.*, 362 F.3d 354, 358 (6th Cir. 2004)). In Kentucky, "the conflicts question [is based on] . . . whether Kentucky has enough contacts to justify applying Kentucky law." *Arnett v. Thompson*, 433 S.W.2d 109, 113 (Ky. 1968). "Kentucky has ample case law explaining that the 'any significant contacts' test applies to tort actions . . . ." *Saleda v. Schrand*, 300 S.W.3d 177, 181 (Ky. 2009) (citations omitted)).

Kentucky choice of law principles favors this Court retaining this case. *See* 15 Wright & Miller, *supra*, § 3854 ("[I]f, under the principles of conflict of laws applicable in the state in which the action was brought, that state would apply its own law, or if the conflicts principles in that state are unclear, this will argue against transfer to a federal court in another state."). Additionally, without making a determination on the law governing this case, application of *Arnett* would seem to suggest the applicability of Kentucky, not Indiana, substantive law in this case.

11

Plaintiffs are Kentucky citizens and have demonstrated, without refutation by Defendant, that Defendant possesses significant contacts with Kentucky for many of the same reasons that personal jurisdiction over Defendant by either a Kentucky state court or this Court is proper. (Compl. ¶ 1; Notice Removal ¶ 10; Pls.' Resp. Def.'s Mot. Transfer 2-5). As Plaintiffs note:

> Defendant's primary asset is a rail line that runs continuously between Louisville, Kentucky and Indianapolis, Indiana. "Railroad Stats" list the line's location as Southern Indiana and Louisville, KY. The same website includes a map that shows the portion of their line in Louisville, KY as being a hub that connects at least four other rail lines that allow access to Cincinnati, New York, Nashville, Atlanta, Paducah, St. Louis and Kansas City.
>
> They are a registered Foreign Corporation with the Kentucky Secretary of State. Defendant claims numerous Kentucky businesses as customers. Defendant claims a "Facility" located in Louisville, KY.
>
> Defendant has also published extensive tariff rules for operating its rail line. Louisville, KY is listed as an originating station for the calculation of commodity tariffs. Louisville, KY station is included in their switching tariff rules. These documents also indicate they collect line haul charges, fuel surcharges, storage fees, demurrage fees and others.

(Pls.' Resp. Mot. Transfer 3). In *Foster*, although the defendant was a resident of Ohio and the accident giving rise to the plaintiff's wrongful death claim occurred in Ohio, the defendant's contacts with Kentucky gave rise to the application of Kentucky law. *Foster*, 484 S.W.2d at 829. *Foster* suggests that Kentucky substantive law will apply in this case.

Although there is no reason to believe that the Southern District of Indiana's New Albany Division is not fully capable of applying Kentucky law, this Court regularly does so, which weighs in favor of retention of the case. *See McIntosh*, 2013 WL 954281, at *5 ("[W]hile this Court is more familiar with Kentucky law [than the U.S. District Court for the Northern District of Texas], the action is not particularly complex. . . . Even so, this factor weighs slightly against transfer.").

### 6. *Expeditious, Efficient, Cheap Resolution of Case; Congestion of Court; Public Interest in Adjudicating Local Controversies Locally; Interests of Justice*

This Court cannot say that the Western District of Kentucky's Louisville Division is more or less "congested" than the Southern District of Indiana's New Albany Division, as the Court would have to look outside the record to discover that information. *See McIntosh*, 2013 WL 954281, at *5 (considering the Federal Court Management Statistics in record submitted by the parties). Additionally, although this case is in its infancy and could be transferred relatively easily, retention is still more expeditious and efficient than transfer to another court. Moreover, the close proximity between Louisville and New Albany renders the public interest in adjudicating local controversies locally negligible. *See United States ex rel. Thomas v. Duke Univ.*, No. 4:13-cv-17, 2017 WL 1169734, at *6 (W.D. Va. Mar. 28, 2017) ("It is rare that a locality has a notably greater interest in adjudicating a given case . . . .).

Finally, Defendant argues that "jury duty is a burden that ought not to be imposed upon the people of a community [i.e., Jefferson County, Kentucky] which has no relation to the litigation." (Def.'s Reply Mot. Transfer 7 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). Although "[s]urprisingly . . . some courts have regarded [jury duty] as a factor when the community in the original forum has no relation to the case[,]" even assuming that the contention that Jefferson County, Kentucky "has no relation to the case" is accurate, "if a forum otherwise is convenient, transfer should not be ordered merely to spare the people of the community from jury duty." 15 Wright & Miller, *supra*, § 3854.

The Court discerns no other "interests of justice" that weigh in either party's favor.

### 7. *Conclusion*

In sum, Plaintiffs' choice of forum, Defendant's means, the applicability of Kentucky law, and the efficiency of retention versus transfer all at least somewhat favor retention, while every other factor is neutral at best with respect to retention versus transfer. Defendant's motion to transfer will therefore be denied.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Transfer (DN 4) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

March 31, 2020

cc: counsel of record