B UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:19-CV-00928-GNS-LLK

AMAL SHAIBI, *et al.*  PLAINTIFFS

v.

LOUISVILLE & INDIANA RAILROAD COMPANY  DEFENDANT

## OPINION & ORDER

Chief Judge Greg N. Stivers referred this matter to Magistrate Judge Lanny King for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. [DN 13].

On May 5, 2021, Defendant filed their Motion to Strike Medical Experts, [DN 35], to which Plaintiff filed their response, [DN 40]. And on May 26, 2021 Plaintiff filed their Motion for Extension of Deadline to Provide Expert Medical Disclosures. [DN 41]. Then, on June 2, 2021 Defendant filed their Response to that motion and a reply to their own. [DN 44].

Accordingly, both motions are fully briefed and ripe for adjudication. For the reasons set forth herein, Defendant's Motion to Strike, [DN 35], is **DENIED** and Plaintiffs' Motion for Extension is **GRANTED**, [DN 41].

## DISCUSSION

This tort case arose when a locomotive collided with a motor vehicle in Sellersburg Indiana on December 15, 2017. Since then the Parties have proceeded with discovery, including expert discovery. The Plaintiffs' expert disclosure deadlines have been moved twice so far, once at the Plaintiffs' asking and once at the Defendant's. [DN 27, 31]. The most recent amended schedule ordered Plaintiff to disclose their experts on May 3, 2021. [DN 31]. And on that date, Plaintiffs

1

filed their revised expert disclosures, [DN 35 at 1], but Plaintiffs did not file an expert report for either Dr. Robert James or for Dr. A. Barry Klein.

Generally, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case."

Fed. R. Civ. P. 26(a)(2)(B). And "if the witness is not required to provide a written report, this disclosure must state:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify."

Fed. R. Civ. P. 26(a)(2)(C). Defendant argues that "the expert disclosures of Dr. A. Barry Klein and Dr. Robert James should be stricken because no written reports were provided, and the

2

disclosures fail to provide a complete statement of the opinions these witnesses will express." [DN 35 at 1].

Thus, this Court must determine, first, whether a written expert report was required for Dr. James, and second, whether Dr. Klein should be struck as a witness due to an untimely written expert report.

### 1. Dr. Robert James

Plaintiff argues that without a written report, "Dr. James can testify to 'opinions pertaining to the diagnosis and treatment of [the patient] and what he learned from her records up to and including treatment." [DN 40 at 3 (citing *Selby v. Kmart Corp.,* 2017 WL 6347967, at *4 (W.D. Ky. Dec. 12, 2017))]. Citing the same authority, Defendant argues "when a party intends to solicit testimony from a treating physician that goes beyond the facts of diagnosis and treatment, and into areas such as causation, future treatment or impairment, such as the disclosure of Dr. James states here, the anticipated opinion testimony is subject to disclosure under Rule 26(a)(2)(B)." [DN 35 at 8 (citing *Selby v. Kmart Corp.,* 2017 WL 6347967, at *4-5 (W.D. Ky. Dec. 12, 2017))].[1]

Thus, the question is whether the opinions arose from treatment, or if these opinions go beyond diagnosis and treatment. *Selby* is instructive on this point. There, this Court found that a report is only necessary "if he did not make those determinations in the course of providing treatment." *Selby v. Kmart Corp.,* 2017 WL 6347967, at *4 (W.D. Ky. Dec. 12, 2017). And the *Selby* court provides strong precedent in this Court that the relevant question is whether the

---

[1] Defendant also argues that the opinion of Dr. James is deficient under 26(a)(2)(B) and (C) because those opinions are "based upon his review of Shaibi's other treatment records, and not merely his own treatment of Shaibi." [DN 35 at 9, 44 at 5]. This is not supported in law or common practice as Doctors ought to account for past treatment records during contemporaneous treatment. Thus, even where Doctor James opinions were formulated after a review of medical history, those opinions may still be based on his treatment of Shaibi.

3

doctor's opinions were formulated while treating the injury or not. *Id.* at 11-12. And here, Dr. James made his determinations during diagnosis and in his role as a treating physician.

First, on causation, Dr. James treatment notes from the University of Louisville include the 'indications for procedure' which state, in part, "Ms. Amal Shaibi is a 19-year-old female, who suffered traumatic brain injury after being involved in a motor vehicle versus train accident." [DN 40-1]. Similar language was used in the treatment notes under the header 'admission information.' *Id.* To be sure, these are opinions about causation, but these opinions are consistent with what is expected of a treating physician.

Second, on permanency, Plaintiff cannot cite to any treating notes where this specific language was drawn. [DN 40 at 3]. However, as Dr. James formulated these opinions throughout diagnosis, treatment and multiple surgeries, and the opinion is consistent with his discharge instructions to the Plaintiff, [DN 40-2], his anticipated testimony should be allowed and is consistent with that of a treating physician and not an expert.

### 2. Dr. A. Barry Klein

Generally, if a party fails to make a proper disclosure under Fed. R. Civ. P. 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).[2] As pointed out by Defendant: Plaintiff carries the burden of proving that late disclosure would be harmless. [DN 35 at 11 (citing *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)].

---

[2] Defendant points out that the Rule 37 advisory committee note "strongly suggests that 'harmlessness' involves an honest mistake on the part of the party coupled with sufficient knowledge on the part of the other party." [DN 35 at 10 (quoting *Blair v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 647, 656 (E.D. Ky. 2013) (citations omitted)]. This Court will balance the factors identified by the Sixth Circuit. Though, it is important to note that the outcome is consistent with the committee guidance where the mistake was not in bad faith, and Defendant had ample notice.

Plaintiff correctly identifies that "[t]he Sixth Circuit has adopted five factors to be considered in assessing whether a late or omitted disclosure is harmless or substantially justified. They are: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. [DN 40 at 3 (citing *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015))].[3] The undersigned shall analyze each in turn.

First, there is no surprise to the adverse party, indeed, Defendant specifically concedes it had advance notice: "Plaintiff also once again disclosed Dr. A. Barry Klein as a medical causation expert witness . . . ." [DN 35 at 6]. Second, there is no need to cure as there is no surprise in this instance. Third, Defendant references platitudes, but not specific prejudice. Were there any, Plaintiff is correct that Defendant had the report before their own reporting deadline, Defendant had ample time to depose the expert, and moving this deadline affected no others. [DN 40 at 5]. Fourth, there is no dispute over the importance of this evidence—both parties recognize the damning effect of denying Plaintiffs' motion for extension. [DN 40 at 5-6; 44 at 3]. Fifth, while

---

[3] Though, it is unnecessary to reach the issue, Rule 6 likely applies here as well. *Est. of Lanham v. Springfield Nursing & Rehab. Ctr.*, 2017 WL 4012965, at *2 (W.D. Ky. Sept. 12, 2017) ("While these [Rule 6] factors are certainly relevant to the ultimate inquiry of whether Plaintiff should be allowed to disclose an additional expert, the [Rule 37] balancing test laid out in Part II of this opinion will be utilized instead."); *Davis v. Am. Highwall Mining, LLC*, 2020 WL 5494520, at *6 (E.D. Ky. Sept. 11, 2020) (finding that the movant was permitted their amendment under both rules); *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240–41 (E.D. Ky. 2018) (acknowledging the "overlap" between rules); *Great N. Ins. Co. v. Altmans Prod. LLC*, 2010 WL 11545412, at *1 (E.D. Mich. Mar. 10, 2010) (acknowledging that either rule may be used); *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018) ("Indeed, whether Rule 6's "excusable neglect" standard or Rule 16's "good cause" standard applies when a party files a motion after the scheduling order deadline—and which standard requires a higher showing—is a source of ambiguity."); *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, 2021 WL 1062553, at *15 (W.D. Ky. Mar. 19, 2021) (applying Rule 6); *Pogue v. Nw. Mut. Life Ins. Co.*, 2016 WL 3124649, at *4 (W.D. Ky. June 1, 2016), *objections overruled,* 2016 WL 9779880 (W.D. Ky. July 8, 2016) (applying Rule 6); *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017) (applying Rule 6); *Adkisson v. Jacobs Eng'g Grp., Inc.*, 2018 WL 1248159, at *4–5 (E.D. Tenn. Mar. 9, 2018) (permitting the movant to argue under either standard "regardless of whether Rule 6 or Rule 16 is more applicable").

not perfectly satisfying, Plaintiff has justified their failure both before and after missing the deadline: Plaintiff hoped to rely entirely on treating physicians and could have either requested an extension or sought their expert, sooner. [DN 47; 40 at 6].

Finally, Defendant utilizes Rule 16 to argue 'rules are rules;' that because Plaintiff allowed the scheduling order deadlines to pass, the expert testimony should not be permitted. [DN 44 at 6]. This argument relies on first circuit case law, where the sixth circuit has explicitly joined the second, eighth, ninth, and eleventh circuit in measuring the "good cause" standard by the diligence of the moving party. *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002) (collecting cases). *Inge* also provided that "[a]nother relevant consideration is possible prejudice to the party opposing. . . ." *Id.*

In earlier briefing, Defendant cites two cases that apply the correct standard. First, Defendant cites the holding of *Sommer v. Davis*, 317 F.3d 686 (6th Cir. 2003), where the reasoning and context are entirely in line with the prior and future decisions by the sixth circuit and the analysis here. [DN 35 at 11]. *Sommers* is easily distinguished because the party provided no justification during the action or appeal—but more importantly, this opinion reviewed the opposite scenario presented here. There the Court found that denial was not an abuse of discretion, that has little bearing on whether it might have granted the motion, or whether granting with materially different facts would be an abuse of discretion. Second, Defendant provides a quote from *Cochran v. Oxy Vinyls Ltd. P'ship*, 2008 U.S. Dist. LEXIS 112233, at *6 (W.D. Ky. July 29, 2008) divorced from critical context: "It is Plaintiffs' counsel's responsibility to retain experts and ensure that they complete their work in time for compliance with Rule 26 deadlines[.]" *Id.* The first line of the following paragraph states: "Though the Court remains profoundly disturbed by Plaintiffs' counsel's conduct in these matters, it will provide Plaintiffs' counsel with one last opportunity for

6

strict compliance with Rule 26." *Cochran v. Oxy Vinyls Ltd. P'ship*, 2008 U.S. Dist. LEXIS 112233, at *7 (W.D. Ky. July 29, 2008).

As explained above, while it is possible the Plaintiff might have met the deadlines if they were *more* diligent, they have been diligent in correcting their errors. Similarly, for the reasons stated above, this will not prejudice Defendant. Thus, Rule 16 is not grounds to bar Plaintiffs' experts where the good cause standard is met.

## CONCLUSION

For the preceding reasons, Defendant's Motion to Strike, [DN 35], is **DENIED** and Plaintiffs' Motion for Extension is **GRANTED**, [DN 41].

**IT IS SO ORDERED**
August 24, 2021

**Lanny King, Magistrate Judge**
**United States District Court**

c: Counsel